RUFUS J. FELLOWS *vs.* NELLIE CHIPMAN.

PROVIDENCE—JUNE 3, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Trespass and Ejectment. Pleading. Description of Property.*

In an action of trespass and ejectment, a description of the tenement in one count of the declaration may be adopted by reference into a second count.

(2) *Trespass and Ejectment. Pleading. Description of Property.*

*Quære,* whether the use of the word "tenement" in an action of trespass and ejectment is sufficient to express the relation of landlord and tenant, so as to dispense with the necessity of setting out plaintiff's title.

DOUGLAS, J. This is an action of trespass and ejectment, brought in the District Court and later tried by a jury in the Common Pleas Division of this court, in which the defendant, after verdict against her, prays for a new trial on the ground that the plaintiff was allowed to introduce in evidence at the trial a written lease of the premises made by the plaintiff to the defendant. Her claim is that under the declaration, evidence of a subsisting tenancy was not admissible.

The declaration is in two counts, of which the first alleges: "for that the said defendant at said Providence, heretofore, to wit, on the 19th day of January, A. D. 1904, with force and arms wrongfully detained from the plaintiff possession of a

certain tenement and premises to the plaintiff belonging, being the dwelling house and premises No. 180 Pine St., with the barn on said premises, situate in said Providence," etc.

And the second count proceeds: "And also for that the defendant being the tenant under the plaintiff of the tenement and premises above described, situate in said Providence, has suffered the stipulated rent for the same to be and remain due and in arrears, for the period of fifteen days, whereby the right has accrued to the plaintiff to recover possession of said premises discharged from the lease. Yet the said defendant with force and arms still wrongfully detains possession of said premises," etc., etc.

(2) The argument treats the first count as a count in trespass and ejectment against a mere trespasser, and if it be so held it is imperfect in not setting forth the estate of the plaintiff in the premises. *Taylor* v. *O'Neil*, 15 R. I. 198; *Ayotte* v. *Johnson*, 25 R. I. 403. But we are not disposed to give much weight to questions of mere form after verdict, and it may well be doubted whether the use of the word tenement in this count may not be sufficient to express the relation of tenancy which in the latter case we held dispensed with the necessity of setting out the plaintiff's title. Without deciding this question,

(1) however, the second count clearly alleges a tenancy. The objection to this count is that it does not sufficiently describe the tenement. This is done in the first count, and the description is adopted here by reference. No error need be apprehended because the full description is not repeated in every count.

The petition for a new trial is denied, and the cause will be remanded to the Common Pleas Division for judgment on the verdict.

*Page & Page & Cushing*, for plaintiff.

*E. De V. O'Connor*, for defendant.